UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CINDY J. WOODEN,

    Plaintiff,

  v.

                      Case No. 06-cv-790-JPG

MICHAEL S. BARONE, et al.,

    Defendants.

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on the motion to dismiss brought by defendants Michael S. Barone, Elbert E. Simon, and Milt Sees (Doc. 21). For the following reasons the motion is **GRANTED in part** and **DENIED in part**.

## I. Introduction

This case is a putative class action under 42 U.S.C. § 1983 for alleged deprivations of constitutional rights by persons acting under color of state law. According to the allegations of the operative complaint herein, in 1999 plaintiff Cindy J. Wooden was hired by the Illinois Department of Transportation ("IDOT") as a six-month full-time temporary highway maintainer for the 1999-2000 winter season. *See* Doc. 20 ("Complaint") ¶ 10. Pursuant to IDOT policy, because of Wooden's satisfactory job performance during the 1999-2000 winter season she was recalled to work as a six-month full-time temporary highway maintainer for the winters of 2000-2001, 2001-2002, 2002-2003, and 2003-2004. *See id*. ¶¶ 11-13. In hiring six-month full-time temporary highway maintainers for the 2004-2005 winter season, IDOT, instead of recalling the six-month full-time temporary highway maintainers from the previous winter, posted the positions, took applications for the positions, and interviewed the applicants. *See id*.

¶¶ 14-15.  Wooden applied for a position as a six-month full-time temporary highway maintainer for the 2004-2005 winter season and was interviewed by defendant Michael S. Barone, an IDOT employee.  *See id.* ¶¶ 17-18, ¶ 3.  On October 18, 2004, Wooden was notified that she had not been hired as a six-month full-time temporary highway maintainer for the 2004-2005 winter season.  *See id.* ¶ 19.  After the 2004-2005 winter season, IDOT resumed its policy of recalling six-month full-time temporary highway maintainers who had performed satisfactorily the previous winter.  *See id.* ¶ 22.  Because Wooden was not hired for the 2004-2005 winter season, she was not recalled for the 2005-2006 winter season and for the 2006-2007 winter season.  *See id.* ¶ 23.

Wooden brings this suit against Barone and defendant Elbert E. Simon, an IDOT employee, in their individual and official capacities, and against defendant Milt Sees in his official capacity as acting director of IDOT.  *See* Complaint ¶¶ 3-5.[1]  Wooden alleges that she was not hired for the 2004-2005 winter season for political reasons, in violation of her First Amendment rights.  *See id.* ¶¶ 20-21, ¶¶ 24-25.  *See also Coffey v. Cox*, 234 F. Supp. 2d 884, 886 (C.D. Ill. 2002) (citing *Rutan v. Republican Party of Ill.*, 497 U.S. 62 (1990)); *Vickery v. Jones*, 856 F. Supp. 1313, 1317-18 (S.D. Ill. 1994).  As a result of the alleged deprivation of her constitutional rights by persons acting under color of state law Wooden seeks compensatory damages against Barone and Simon in the amount of $100,000, as well as punitive damages in the amount of $225,000.  *See* Complaint ¶¶ 26-28.  Wooden also seeks the entry of an injunction

---

1.  The original complaint in this cause named IDOT as a party defendant.  On April 2, 2007, Wooden filed an amended complaint omitting IDOT as a defendant and substituting Sees as a defendant.  The amended complaint supersedes Wooden's original complaint.  *See Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204-05 (7th Cir. 1998); *Lubin v. Chicago Title & Trust Co.*, 260 F.2d 411, 413 (7th Cir. 1958); *Smith v. Briley*, No. 03 C 7870, 2005 WL 2007230, at *2 & n.2 (N.D. Ill. Aug. 16, 2005).

ordering Sees, Barone, and Simon to reinstate her as a six-month full-time temporary highway maintainer for the 2006-2007 winter season, together with her attorney's fees and costs.  *See id*. Prayer for Relief.[2]  Pursuant to Rule 23 of the Federal Rules of Civil Procedure Wooden seeks to represent a class defined as "all persons who had worked as six-month temporary highway maintainers at IDOT in the 2003-2004 winter season who had good evaluations and were denied the six-month temporary highway maintainer positions for the 2004-2005 winter season based on political considerations."  *Id*. ¶ 7.  Barone, Simon, and Sees have moved for dismissal of Wooden's complaint on three grounds.  Specifically, they contend that:  Wooden's claim against them in their official capacities is improper because she does not seek prospective relief; Wooden's claim against Sees is barred by the statute of limitations; and Wooden has failed adequately to allege a violation of her First Amendment rights.  The Court considers each of these contentions in turn.

## II. Discussion

### A.     Legal Standard

On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court accepts all well-pleaded allegations in a plaintiff's complaint as true.  *See Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002).  The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the allegations of a complaint, not to determine the merits of a case.  *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  "Because the Federal Rules of Civil Procedure establish a liberal pleading system that requires only notice pleading, a

---

2.    Obviously, it is too late for the Court to order the defendants to reinstate Wooden in her job for the 2006-2007 winter season, although this does not mean, of course, that Wooden's request for injunctive relief is moot.

'complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal.'" *Brown v. SBC Communications, Inc.*, No. 05-cv-777-JPG, 2007 WL 684133, at *2 (S.D. Ill. Mar. 1, 2007) (quoting *National Serv. Ass'n, Inc. v. Capitol Bankers Life Ins. Co.*, 832 F. Supp. 227, 230 (N.D. Ill. 1993)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitle[ment] to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Id.*

### B. Eleventh Amendment Immunity

The Court turns first to the question of whether Wooden properly seeks prospective relief against Barone, Simon, and Sees in their official capacities. The Eleventh Amendment generally shields both a state and its agencies from suits by state citizens in federal court. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Keri v. Board of Trs. of Purdue Univ.*, 458 F.3d 620, 641 (7th Cir. 2006); *Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1997). Although a state may waive its Eleventh Amendment immunity and Congress may abrogate the immunity, *see Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Florida Dep't of Health & Rehabilitative Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147, 149-50 (1981); *Meadows v. Indiana*, 854 F.2d 1068, 1069-70 & n.3 (7th Cir. 1988); *Tolley v. Illinois*, Civil No. 06-627-GPM, 2006 WL 3842120, at *2 (S.D. Ill. Dec. 20, 2006), neither is true in this instance. *See Quern v. Jordan*, 440 U.S. 332, 338-45 (1979) (holding that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment sovereign immunity); *Kroll v. Board of Trs. of Univ. of Ill.*, 934 F.2d 904, 909 & n.5 (7th Cir. 1991) (same); *Thomas v. Walton*, 461 F. Supp. 2d 786, 799

(S.D. Ill. 2006) (Illinois has not waived its Eleventh Amendment immunity from suit in federal court).  Also, states and state agencies, as well as state employees sued in their official capacities, are not "persons" within the meaning of 42 U.S.C. § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Ryan v. Illinois Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999); *Duncan v. Wisconsin Dep't of Health & Family Servs.*, 166 F.3d 930, 934-35 (7th Cir. 1999); *Santiago v. Lane*, 894 F.2d 218, 220 n.3 (7th Cir. 1990); *O'Reilly v. Montgomery County*, No. 102CV1242-DFH, 2003 WL 23101795, at *12 (S.D. Ind. Feb. 24, 2003); *Bibbs v. Newman*, 997 F. Supp. 1174, 1178 (S.D. Ind. 1998).

     Conversely, the Eleventh Amendment does not preclude suits for damages in federal court against state employees in their individual capacities.  *See Hafer v. Melo*, 502 U.S. 21, 26-27 (1991); *Papasan v. Allain*, 478 U.S. 265, 278 n.11 (1986); *Moore v. Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992); *Patterson v. Koerner*, No. 03 C 0636, 2004 WL 406979, at *2 (N.D. Ill. Feb. 6, 2004).  Similarly, although claims against state employees in their official capacities are deemed, of course, to be claims against a state for Eleventh Amendment purposes, *see Graham*, 473 U.S. at 165-66 (quoting *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)); *Garcia v. City of Chicago*, 24 F.3d 966, 969 (7th Cir. 1994); *Brunken v. Lance*, 807 F.2d 1325, 1329 (7th Cir. 1986); *Fayemi v. Pucinski*, 155 F. Supp. 2d 944, 948 (N.D. Ill. 2001); *Horton v. Marovich*, 925 F. Supp. 540, 544 (N.D. Ill. 1996), claims for prospective relief against state employees in their official capacities are not within the scope of the Eleventh Amendment.  *See Edelman v. Jordan*, 415 U.S. 651, 666-67 (1974); *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ameritech Corp. v. McCann*, 297 F.3d 582, 585-86 (7th Cir. 2002); *Luder v. Endicott*, 253 F.3d 1020, 1024-25 (7th Cir. 2001); *Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999);

*Feldman v. Ho*, 171 F.3d 494, 495 (7th Cir. 1999); *Nicol v. Lavin*, No. 03 C 6688, 2004 WL 1881786, at *2 (N.D. Ill. Aug. 13, 2004).  For purposes of claims for equitable relief, state employees sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Graham*, 473 U.S. at 167 n.14) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'").  Also, the Eleventh Amendment does not bar a successful civil rights plaintiff from receiving a statutory award of attorney's fees and costs under 42 U.S.C. § 1988(b) if the award is ancillary to a grant of equitable relief against state employees sued in their official capacities.  *See Graham*, 473 U.S. at 163-70; *Quern*, 440 U.S. at 344-45; *Hutto v. Finney*, 437 U.S. 678, 695-700 (1978); *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 421-22 & n.16 (7th Cir. 2005); *Blank v. Illinois Dep't of Transp.*, No. 02 C 4818, 2003 WL 134991, at **3-4 (N.D. Ill. Jan. 16, 2003).

In this instance Wooden's complaint seeks compensatory and punitive damages only against Barone and Simon in their individual capacities.  Additionally, Wooden properly seeks prospective relief against Barone, Simon, and Sees in their official capacities in the form of an order directing her reinstatement to her job as a six-month full-time temporary highway maintainer, together with a statutory award of attorney's fees and costs.  *See Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987) ("[A]n injunction ordering reinstatement . . . is clearly prospective in effect and thus falls outside the prohibitions of the Eleventh Amendment."); *Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir. 1986) (in a suit under 42 U.S.C. § 1983 by a former state employee seeking reinstatement and expungement of derogatory information in the employee's personnel records, holding that the relief sought was prospective and not within the

scope of the Eleventh Amendment). The Court discerns no Eleventh Amendment bar to Wooden's complaint. Accordingly, dismissal on this ground will be denied.

### C. Statute of Limitations

The statute of limitations applicable to Wooden's claim under 42 U.S.C. § 1983 is two years. *See Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996); *Knox v. Cook County Sheriff's Police Dep't*, 866 F.2d 905, 907 (7th Cir. 1988); *Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *3 (S.D. Ill. Feb. 5, 2007). Wooden's claim in this case accrued for purposes of the statute of limitations on October 18, 2004, when, as discussed, she was informed by IDOT that she had been denied employment as a six-month full-time temporary highway maintainer for the 2004-2005 winter season. *See Doherty v. Sheahan*, No. 97 C 5670, 1998 WL 102722, at *3 (N.D. Ill. Feb. 25, 1998) (the statute of limitations begins to run on a claim under 42 U.S.C. § 1983 based on alleged discrimination in employment when a plaintiff is notified of an adverse employment decision); *Lara v. City of Chicago*, 968 F. Supp. 1278, 1285 (N.D. Ill. 1997) (same). *See also Kelly v. City of Chicago*, 4 F.3d 509, 512 (7th Cir. 1993) (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)) ( "[T]he proper focus is on the time of the discriminatory act, not the point at which the consequences of the act became painful.") (emphasis omitted). Wooden filed her original complaint within the applicable two-year limitation period, but she did not seek leave to amend her complaint to name Sees as a party defendant until March, 2007. *See Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 776-77 (S.D. Ill. 2006) (in general, an amended pleading is deemed filed for purposes of the statute of limitations when leave to amend is sought, not when it is granted) (collecting cases). Consequently, the defendants contend that Wooden's claim against Sees is time-barred. The Court does not agree.

The question of whether Wooden's claim against Sees is barred by the applicable statute of limitations is governed, of course, by Rule 15 of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c).  As is generally the case with amendments to pleadings under Rule 15, the "relation back" doctrine set out in Rule 15(c) must be liberally applied.  "It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems.  To this end, amendments pursuant to Rule 15(c) should be freely allowed." *Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976).  *See also Capdevila v. Sheahan*, No. 94 C 3345, 1995 WL 399690, at *2 (N.D. Ill. July 6, 1995) (Rule 15(c) is to be liberally construed in favor of relation back of amendments); *Pucci v. Litwin*, 828 F. Supp. 1285, 1296 (N.D. Ill. 1993) (same); *Hampton v. Hanrahan*, 522 F. Supp. 140, 143 (N.D. Ill. 1981) (same).

The considerations underlying relation back are essentially equitable and for this reason courts focus on notice and prejudice to a defendant in determining whether an amendment

relates back or not. "The very purpose underlying the relation back doctrine is to permit amendments to pleadings when the limitations period has expired, so long as the opposing party is not unduly surprised or prejudiced." *Hill v. Shelander*, 924 F.2d 1370, 1377 (7th Cir. 1991). *See also Schiavone v. Fortune*, 477 U.S. 21, 31 (1986) ("The linchpin [of Rule 15(c)] is notice[.]"). The Court has no difficulty concluding that Wooden's amended complaint relates back to the date of filing of her original complaint. The conduct alleged in the amended complaint clearly arises out of the same "conduct, transaction, or occurrence" set forth in her original pleading. Fed. R. Civ. P. 15(c)(2). Similarly, the Court does not doubt that Sees, as acting director of IDOT, has been on notice of this lawsuit since its commencement and knew that, but for a mistake by Wooden's counsel, namely, suing IDOT, a state agency that, as discussed, enjoys Eleventh Amendment immunity from suit under 42 U.S.C. § 1983 in federal court, he would have been sued in his official capacity by Wooden.

"Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party." *Alber v. Illinois Dep't of Mental Health & Developmental Disabilities*, 786 F. Supp. 1340, 1380 (N.D. Ill. 1992) (quoting *Schiavone*, 477 U.S. at 29). Sees, as the head of IDOT, unquestionably had knowledge of this case within 120 days after it was filed, given that "[i]t is difficult to imagine parties more closely related than [an] agency and the agency's head, sued in his official capacity." *Salazar v. United States Postal Serv.*, 929 F. Supp. 966, 970 n.6 (E.D. Va. 1996). It is apparent from the defendants' submissions to the Court that they have been aware since the outset of this case that IDOT was not a proper party to the case and that the correct defendant against whom to seek prospective relief in IDOT's stead is a supervisory official of the agency sued in his or her official capacity. Under these circumstances, it would be highly

9

inequitable to hold that Wooden's claim against Sees is time-barred. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 560-61 (7th Cir. 1996) (it was error for a district judge to hold that claims brought under 42 U.S.C. § 1983 against individual state employees were time-barred without considering whether the plaintiff's amended complaint related back to the filing date of his original complaint that improperly named a sheriff's department as a defendant); *Woods v. Indiana Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880, 886-88 (7th Cir. 1993) (an amendment to a complaint adding employees of a university and its police force as defendants in a civil rights action satisfied the requirement for relation back to the date of the original complaint because the newly-named defendants "should have known" that, but for the plaintiff's mistake in suing the university and its police force, which were immune from suit under the Eleventh Amendment, the action would have been brought against them). *See also Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 37 (2d Cir. 1996) ("[Plaintiff] did not know that he needed to name individual defendants, and his failure to do so, under the circumstances of this case, can be characterized as a 'mistake' for purposes of Rule 15(c)(3)."); *Kirk v. Cronvich*, 629 F.2d 404, 407-08 (5th Cir. 1980) (in a suit under 42 U.S.C. § 1983 that originally joined a county sheriff's office as a defendant, holding that an amendment of the complaint to name the sheriff in his official capacity as a party defendant related back to the filing date of the original complaint for purposes of the statute of limitations).

   The Court sees no reason to penalize Wooden for her counsel's error, at least where the error has caused no prejudice to the defendants. As a sister court has observed, the mistake of "naming . . . an immune governmental entity as the defendant is exactly the sort of mistake contemplated by the drafters of [Rule 15(c)]." *Black-Hosang v. Ohio Dep't of Pub. Safety*, 96 Fed. Appx. 372, 375 (6th Cir. 2004) (a plaintiff's claim under 42 U.S.C. § 1983 in an amended

10

complaint against a police officer who allegedly arrested her without probable cause related back to the filing date of her original complaint against the Ohio Department of Public Safety, an immune defendant, and therefore was not time-barred). The Court concludes that Wooden's claim against Sees relates back to the filing date of her original complaint in this case. Accordingly, Wooden's claim against Sees is not time-barred.

### D. First Amendment Allegations

Although the Court has rejected the defendants' arguments for dismissal based on the Eleventh Amendment and the statute of limitations, the Court agrees with the defendants, with reservations, that there are defects in Wooden's pleading of her First Amendment claim based on allegedly politically-motivated discrimination. Specifically, Wooden has failed to identify in her complaint any speech, conduct, or political affiliation on her part that allegedly caused her not to be hired by IDOT, and has failed to allege that the defendants were aware of her protected speech, conduct, or political affiliation when they denied her request for employment. The Court concludes that the remedy for these defects in Wooden's complaint is the filing of a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

It is well settled, of course, that the pleading standard governing claims under 42 U.S.C. § 1983 is no more demanding than that set out in Rule 8 of the Federal Rules of Civil Procedure, which requires a plaintiff to present only "a short and plain statement of the claim showing that the pleader is entitled to relief" and states that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (e)(1). As Wooden's counsel points out, in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), the Court specifically rejected the view that civil rights claims are subject to the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure. "Perhaps if

11

Rules 8 and 9 were rewritten today, claims . . . under § 1983 might be subjected to the added specificity requirement of Rule 9(b).  But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation.  In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman*, 507 U.S. at 168-69.  The United States Court of Appeals for the Seventh Circuit has reiterated frequently that claims under 42 U.S.C. § 1983 are governed only by a "notice pleading" standard.  "[A]s the Supreme Court and this court have emphasized, there are no special pleading rules for . . . civil rights cases . . . .  A complaint that complies with the federal rules of civil procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts.  The federal rules require (with irrelevant exceptions) only that the complaint state a claim, not that it plead the facts that if true would establish (subject to any defenses) that the claim was valid." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (collecting cases).  *See also Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (in a suit under 42 U.S.C. § 1983, noting that "there is no requirement in federal suits of pleading the facts or the elements of a claim, with the exceptions (inapplicable to this case) listed in Rule 9.").

On the other hand, certain decisions of the Seventh Circuit Court of Appeals take a less lenient approach to pleading in civil rights cases alleging, as here, politically-motivated discrimination.  For example, in *Doherty v. City of Chicago*, 75 F.3d 318 (7th Cir. 1996), the court held that "bald allegations" of civil rights violations based on politically-motivated bias do not state a claim upon which relief can be granted.  *Id*. at 326.  Similarly, in *Kyle v. Morton High School*, 144 F.3d 448 (7th Cir. 1998), the court held that a plaintiff's allegation that he was terminated by his employer, a public school district, for "political and advocacy reasons" did not

state a claim for relief under 42 U.S.C. § 1983 where the plaintiff "fail[ed] to identify any activity on his part, even in the most general terms, that triggered his termination, and therefore . . . failed to give the defendants and the court 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Id*. at 457 (quoting *Conley*, 355 U.S. at 47). The *Kyle* court stated that "the complaint for a First Amendment violation must at least put the defendants on notice that some specific speech or conduct by the plaintiff led to the [violation]." *Id*. at 454. Similarly, the complaint in such a case must state that persons responsible for an allegedly politically-motivated hiring decision knew of a plaintiff's political speech, conduct, or affiliation when the adverse employment decision was made. *See Doherty*, 75 F.3d at 326 (holding that a plaintiff failed to state a claim that she was discriminated against in local zoning proceedings for political reasons because the plaintiff "nowhere . . . alleged that the decisionmaker knew of her nonaffiliation with the Democratic party or that anyone with the favored political affiliation received zoning certification under similar circumstances."). In *Kyle* the court acknowledged that Rule 8 "does not require detailed factual pleading," but held that where a plaintiff's complaint fails to identify the speech, conduct, or political association that resulted in an alleged First Amendment violation, the plaintiff "has omitted the gravamen of [the] complaint." 144 F.3d at 457.

The Court notes that *Doherty* and *Kyle* are perhaps somewhat anomalous in this Circuit's jurisprudence regarding pleading under Rule 8. As recently as a few weeks ago the Seventh Circuit Court of Appeals emphasized the leniency of federal notice pleading:

> [A] judicial order dismissing a complaint because the plaintiff did not plead facts has a short half-life. "Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)." Civil Rule 8 calls for a short and plain statement; the plaintiff pleads claims, not facts or legal theories . . . . Factual

13

> detail comes later – perhaps in response to a motion for a more definite statement, *see* Fed. R. Civ. P. 12(e), perhaps in response to a motion for summary judgment. Until then, the possibility that facts to be adduced later, and consistent with the complaint, could prove the claim, is enough for the litigation to move forward.

*Vincent v. City Colls. of Chicago*, No. 06-3082, 2007 WL 1238745, at *3 (7th Cir. Apr. 30, 2007) (quoting *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)). However, it is the Court's duty, of course, to follow the decisions of the Seventh Circuit Court of Appeals. *See Wheeler v. Pension Value Plan for Employees of Boeing Co.*, No. 06-cv-500-DRH, 2007 WL 781908, at *8 (S.D. Ill. Mar. 13, 2007). In this instance, Wooden's operative complaint alleges merely that, after she was denied employment by IDOT in 2004, "[t]he six month full-time temporary highway maintainer positions for the 2004-2005 winter season were filled on a political basis by the Defendants." Complaint ¶ 20. Wooden alleges also that, "[h]ad the positions not been filled on the basis of political considerations, Plaintiff would have received the position for Plaintiff was more qualified than the persons who were hired as six-month full-time temporary highway maintainers." *Id.* ¶ 21. Under *Doherty* and *Kyle*, the Court holds, these allegations are inadequate to state a claim for a violation of Wooden's First Amendment rights.

In attempting to steer a middle course between requiring excessive rigor in pleading under Rule 8 and complying with the dictates of *Doherty* and *Kyle*, the Court concludes that the appropriate remedy in this case is a more definite statement of Wooden's claim under Rule 12(e). The Seventh Circuit Court of Appeals has indicated that, in some instances, a more definite statement under Rule 12(e) is preferable to dismissal under Rule 12(b)(6), particularly where, as in this case, a good deal of time has been devoted already to preliminary jousting about pleading. In *Scott v. City of Chicago*, 195 F.3d 950 (7th Cir. 1999), the court instructed that a

14

district court has an obligation "to keep [a] case moving, and if [a plaintiff's] claim is unclear, the court should require [the] plaintiff to prepare a more definite statement under Rule 12(e) instead of 'lavishing attention on the complaint until the plaintiff gets it just right.'" *Id.* at 952 (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). *See also American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986) ("[W]hen a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course is not to move to dismiss but to move for a more definite statement."). In fact, the Seventh Circuit Court of Appeals suggested in *Kyle* that the defects in the plaintiff's allegations of politically-motivated bias which resulted in the dismissal of his complaint might have been cured by the filing of a more definite statement that "specifically identified the speech or political association he claims caused the retaliation . . . . [or that] described the protected conduct he performed, and at least indicated which activity motivated the defendants to terminate him." 144 F.3d at 457. In light of the foregoing authorities, the Court believes that ordering a more definite statement of Wooden's claim is the proper course to pursue.

The defendants have asked that, if dismissal of Wooden's claim is denied, the Court order her to file a more definite statement of her claim as follows:

> Defendants request that plaintiff identify the political basis [on which she was not hired as a six-month full-time temporary highway maintainer for the 2004-2005 winter season], indicating whether this is related to allegations of plaintiff's speech, conduct or affiliation; that plaintiff more definitely identify her affiliation and, if any, the alleged favored affiliation; and that plaintiff identify the decisionmaker and their knowledge of [her] speech or political affiliation, which [she] alleges is the underpinning or motivating factor of the decision.

Doc. 21 at 8. The Court believes that the defendants' proposal concerning a more definite statement by Wooden contains some merit but also is somewhat overbroad. Therefore, the Court will grant the request in part and deny it in part. Specifically, the Court will direct Wooden to

file an amended complaint setting out a more definite statement of her claim to clarify whether it is based on her speech, conduct, or political affiliation. As per *Doherty*, Wooden also will allege in her amended complaint that her speech, conduct, or political affiliation was known to the defendants. As for requiring Wooden to identify a political affiliation allegedly favored by the defendants and the decisionmaker responsible for the discriminatory conduct she alleges, the Court declines to do so. In ordering a more definite statement of a claim, a court can direct a pleader to furnish more detail than is required under Rule 8, but this practice is disfavored, in keeping with the general rule that factual development of claims and defenses in federal court should take place in discovery. "Since the theoretical overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing the underlying factual details on the discovery process, . . . federal courts have been properly desirous of avoiding any possibility that the permissive allowance of Rule 12(e) motions seeking detailed factual averments will shift the burden of fact elicitation from the discovery phase back to the pleadings, with a resulting delay in joinder of issue and resolution of the merits." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1376 (3d ed. 1998 & Supp. 2007) (collecting cases). *See also Metso Paper, Inc. v. Enerquin Air Inc.*, No. 06-C-1170, 2007 WL 486635, at *5 (E.D. Wis. Feb. 12, 2007) ("Rule 12(e) motions . . . are generally disfavored and are not intended as a substitute for the . . . normal discovery process.").

     The Court is satisfied that Wooden's complaint, apart from the pleading defects discussed supra, otherwise does not belong to "the 'small' class of pleadings that, though 'sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed,' nonetheless are 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to

16

himself.'" *George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2007 WL 853998, at *2 (S.D. Ill. Mar. 16, 2007) (quoting *Vician v. Wells Fargo Home Mortgage*, No. 2:05-CV-144, 2006 WL 694740, at *9 (N.D. Ind. Mar. 16, 2006)).  At the summary judgment stage, of course, the Court will examine closely what the defendants in fact knew about Wooden's speech, conduct, or political affiliation, and whether that speech, conduct, or affiliation was a substantial or motivating factor in IDOT's decision not to employ her.  *See Coffey v. Cox*, 218 F. Supp. 2d 997, 1003-05 (C.D. Ill. 2002); *Deheve v. Price*, 189 F. Supp. 2d 830, 833-34 & n.5 (C.D. Ill. 2002); *Wilkie v. Obourn*, No. 00-CV-4293-JPG, 2002 WL 338401, at *5 (S.D. Ill. Jan. 7, 2002); *Winkelman v. Magne*, 173 F. Supp. 2d 821, 823-25 (C.D. Ill. 2001).  At this stage of the case, however, the Court is reluctant to do more than to order Wooden to make the minimum amendments to her complaint necessary to satisfy the pleading requirements of this Circuit enunciated in *Doherty* and *Kyle*.

### III. Conclusion

The defendants' motion to dismiss (Doc. 21) is **GRANTED in part** and **DENIED in part**.  The defendants' request for dismissal of Wooden's complaint is **DENIED**.  The defendants' request for a more definite statement of Wooden's claim is **GRANTED**.  Wooden is **ORDERED** to file an amended complaint setting out a more definite statement of her claim in conformity with this Order not later than **ten (10) days** from the date of entry of this Order.

**IT IS SO ORDERED.**
**DATED: August 29, 2007**

                                                **s/ J. Phil Gilbert**
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**